```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

FAROOQ KHAN, M.D.,

        Plaintiff,

  -vs-

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

        Defendant.

**ORDER**
**No. 1:15-cv-00811(MAT)(LGF)**

## INTRODUCTION

Farooq Khan, M.D. ("Plaintiff"), represented by counsel, commenced this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), asserting a claim for declaratory relief requiring Provident Life and Accident Insurance Company ("Defendant") to pay disability benefits to Plaintiff under the terms of an employer sponsored individual disability insurance policy.

## DISCUSSION

The case has come before this Court upon the Report and Recommendation ("the R&R") (Docket No. 33) of United States Magistrate Judge Leslie G. Foschio, issued May 2, 2017, resolving Defendant's Motion for Judgment on the Administrative Record (Docket No. 23) and Plaintiff's for Summary Judgment/Alternative Motion for Judgment Pursuant to Fed. R. Civ. P. 52 (Docket No. 25,

-1-

superseding Docket No. 23).

The R&R recommended that both motions be denied and that the matter be scheduled for a bench trial before the assigned district judge. See R&R (Docket No. 33) at 3, 57. The R&R observed that while Defendant had moved for judgment on the administrative record pursuant to Fed. R. Civ. P. 52, and Plaintiff had moved in the alternative for that relief, the Federal Rules of Civil Procedure "do not contemplate such a mechanism." R&R at 31 (quoting Flanagan v. First Unum Life Ins., 341 F.2d 119, 124 (2d Cir. 2003)); see also O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 642 F.3d 110, 116 (2d Cir. 2011) (stating that such a motion "does not appear to be authorized in the Federal Rules of Civil Procedure") (quotation omitted). "If such a motion is treated as a summary judgment motion, the district court must limit its inquiry to determining whether questions of fact exist for trial." Id. (citation omitted). The Second Circuit has explained that "it may be appropriate for the district court to treat such a motion as requesting "essentially a bench trial 'on the papers' with the District Court acting as the finder of fact." Id. (quotation omitted). "In that scenario, the district court may make factual findings, but first it "must be clear that the parties consent to a bench trial on the parties' submissions[.]" Id. (citation omitted). The district court, in that situation, "must make explicit findings of fact and conclusions of law" pursuant to Fed.

R. Civ. P. 52(a). Id. (quotation omitted).

Here, the R&R found that because the parties had "not stipulated to a summary trial or a bench trial on the papers, . . . the district court [is] obliged to proceed in traditional summary judgment fashion." R&R at 42 (citation and quotation; internal quotation marks omitted; ellipsis and alteration in original). However, Defendant, in its Memorandum of Law (Docket No. 23-2), stated that the Second Circuit has confirmed that "such a motion—'essentially a bench trial "on the papers"'—is the appropriate procedure for review of an ERISA claims administrator's decision." Id. at 1 n.1 (citing Muller v. First Unum Life Ins. Co., 341 F.3d 119, 124 (2d Cir. 2003)). In its Objections, Defendant takes issue with the R&R's recommendation that a plenary bench trial be conducted because there are issues of fact, and reiterates that a decision should be rendered on the administrative record. Defendant's Objections (Docket No. 40), pp. 11-14 of 15. Plaintiff, for his part, maintains that there are no issues of fact and that he is entitled to judgment as a matter of law but, "if the Court holds that there are triable issues of fact[,]" he "requests judgment pursuant to Rule 52[,]" Plaintiff's Memorandum of Law (Docket No. 25-3) at 5, i.e., a bench trial on the papers, see Muller, 341 F.3d at 124.

**CONCLUSION**

Based on the Court's reading of the parties' briefs and other

submissions, it concludes that the parties have effectively stipulated to having this Court conduct a bench trial based solely on their submissions, in which the Court will make explicit findings of fact and conclusions of law. The parties are directed to notify this Court in writing, via fax to 585-613-4065, within seven (7) days of the date of this Order, that they consent to the Court proceeding as indicated above.

**IT IS SO ORDERED.**

                                        **s/ Michael A. Telesca**

                                      _____
                                      HONORABLE MICHAEL A. TELESCA
                                      United States District Judge

Dated:         April 5, 2019
                Rochester, New York